EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a permanent child custody ease.
After an ore tenus trial, the juvenile court’s final judgment awarded the permanent custody of the three children to the Department of Pensions and Security (the department). The legal rights of parents to the children were terminated, and the department was granted the right to place the children for adoption. The appeal of the parents ensued.
As their entire statement of facts in their brief, the parents requested that we “see” the entire record. It has been read and studied.
The legal custody of the children was first granted to the department in August 1979. Subsequently, the department has allowed the children to reside at times with the parents. In that regard, the department and the parents entered into a written agreement whereby the parents agreed to maintain an adequate place to live, to accept counseling, to refrain from fighting, to keep drunkenness from their home and that the father would find and keep employment. It suffices to state that the parents failed as to all, or almost all, of those promises.
When the youngest child was two weeks old, the parents engaged in a fight and that daughter was accidentally struck by her father on her head, which resulted in her overnight hospitalization. Another child was trampled and injured.
The parents have taken the children on trips, the driving parent being drunk.
The present proceedings were precipitated when the mother was driving under the influence. The three children were with her. She drove the car off a road and it came to rest at the bottom of the ten-foot road fill. There, they remained for approximately two hours. It was very cold and the children were without warm clothing. The father then requested the department to place the children for adoption before they were killed. He stated that he and their mother were unfit parents. The father had made a similar request and statement after the parents’ fight had injured two of the children.
Before permanent parental custody of children is removed, the trial evidence must clearly and convincingly prove that it is contrary to the children’s best interest for them to remain with their natural parents. Vinson v. AGAPE of Central Alabama, Inc., 416 So.2d 1075 (Ala.Civ.App.1982). The trial record supports the judgment of the trial court. The disposition of the case was not palpably wrong. Therefore, we are not authorized to substitute our judgment for that of the trial court. Hudgins v. State, 418 So.2d 913 (Ala.Civ.App.1982); Vinson v. AGAPE of Central Alabama, Inc., supra.
We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.